O'HARE v. THOMPSON et al.

(Supreme Court, Appellate Term.  May 24, 1910.)

APPEAL AND ERROR (§ 1195*)—JUDGMENT ON APPEAL—"WITHOUT PREJUDICE
TO A NEW ACTION."

 In an action against T. and O., in which T. was not served, but appeared as a witness for plaintiff, there was a judgment on the merits for O., and on appeal it was affirmed, with the words "without prejudice to a new action." *Held*, that these words referred only to defendant T., so that the judgment for O., when affirmed, settled the litigated issues between him and plaintiff.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665;  Dec. Dig. § 1195.*

 For other definitions, see Words and Phrases, vol. 8, pp. 7507–7509; vol. 8, p. 7837.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Hugh O'Hare against Mary Thompson and another. From a judgment for plaintiff against defendant Thomas P. Orr, said defendant appeals.  Reversed and dismissed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

August P. Wagener, for appellant.

Joseph Fennelly, for respondent.

PAGE, J.  An action was brought in September, 1908, by the plaintiff against the above-named defendants for the identical cause of action set forth in this case.  The defendant Mary Thompson was not served, but appeared as a witness for the plaintiff.  It developed on the trial that she was the executrix of her father's estate and had collected $1,000 insurance on his life from a fraternal order.  The defendant Orr testified in his own behalf, and the judge gave judgment for the defendant Orr.

From this judgment an appeal was taken to the Appellate Term, which was heard in February, 1909, and the judgment was affirmed, "without prejudice to a new action."  An order to that effect was entered on March 5th.  This action was then brought, in which both defendants were served.  The plaintiff, however, offered no evidence tending to show liability as to the defendant Thompson, and the complaint was dismissed as to her, for failure of proof, without prejudice to a new action.  The defendant Orr pleaded res adjudicata, put in evidence the judgment roll, and gave no further evidence.  Judgment was thereupon rendered against him, from which he appeals.

The judgment in the first case was for the defendant Orr, upon the merits, and when affirmed on appeal finally settled the issues litigated as between the parties, and those issues never again could be the subject of an action as between those parties.  The learned judge below construed the order of the Appellate Term to mean:

 "The affirmance of the former judgment does not preclude a new trial.  As these words, 'without prejudice to a' new action,' are typewritten in the order, they must have been added for the purpose of allowing a new trial."

While the order on a casual reading might seem to be subject to such a construction, it is manifest, upon all the facts disclosed by the record and which were before the learned trial justice, that the words "without prejudice to a new action" could only refer to the defendant Thompson. Had it been the intention of this court to have granted a new trial upon the issues to plaintiff as against defendant Orr, it would have reversed the judgment and ordered a new trial. Municipal Court Act, § 326 (Laws 1902, c. 580). A judgment of affirmance and a direction of a new trial of the issues are so anomalous as to make it apparent that the court intended no such direction.

The judgment as against defendant Orr is therefore reversed, and the complaint dismissed, with costs. All concur.